Kerry Larnez ROLLERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–05–00088–CR.

Court of Appeals of Texas, Texarkana.

Submitted March 24, 2006.

Decided May 17, 2006.

Steven R. Miears, Bonham, Ben A. Massar, Paris, for appellant.

Deborah Moore, Asst. County Atty., Gary D. Young, Lamar County and Dist. Atty., Paris, for state.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Kerry Larnez Rollerson appeals his convictions for burglary of a habitation,[1] theft of a firearm,[2] and felon in possession of a firearm.[3] After a bench trial, the trial court entered an affirmative deadly weapon finding on each count.[4] Rollerson challenges the legal and factual sufficiency of the evidence sustaining his convictions, as well as the sufficiency of the evidence sustaining the deadly weapon findings. We affirm the convictions, but reform the judgment to delete the affirmative findings that Rollerson used and exhibited a deadly weapon.

**Background**

In the summer of 2003, three separate houses in Lamar County were burglarized on three consecutive days. Floyd McCoin's home was burglarized July 15. A Belgian-made pistol and its holster were stolen. James Hines' residence was burglarized July 16. A television, binoculars, and a coin collection were stolen. Neil Norrell's home was burglarized July 17. Several guns and numerous uncirculated coins were stolen.

On July 18, the day after the Norrell burglary, Westside Checking notified law enforcement officials that someone was

---

1. TEX. PEN.CODE ANN. § 30.02 (Vernon 2003).

2. TEX. PEN.CODE ANN. § 31.03 (Vernon Supp. 2005).

3. TEX. PEN.CODE ANN. § 46.04 (Vernon Supp. 2005).

4. Rollerson was sentenced to twenty years' confinement for burglary of a habitation, ten years' confinement for theft of a firearm, and twenty years' confinement for felon in possession of a firearm as a repeat offender. The sentences are concurrent.

trying to cash uncirculated coins. Officers were sent to investigate, and when they arrived, Rollerson was found with a small bank bag filled with uncirculated coins. Norrell later identified the coins as being the ones stolen from his home the previous day. The officers also found a briefcase belonging to Norrell in a vehicle in which Rollerson was a passenger. Rollerson was arrested in connection with the burglaries.

The same day, after hearing about his arrest, Rollerson's brother took some guns that were in his mother's house and buried them in the back yard of his father's house. Among the buried weapons was a pistol stolen from Norrell's home.

Rollerson was charged in this case with burglary of a habitation, theft of a firearm, and felon in possession of a firearm in connection with the Norrell burglary. Rollerson was also charged with burglary of a habitation, theft of a firearm, and felon in possession of a firearm in connection with the McCoin burglary. He was also charged with burglary of a habitation in connection with the Hines burglary. This appeal concerns only the charges and convictions associated with the Norrell burglary.[5]

## Evidence is Sufficient to Support Convictions

Rollerson contends the evidence is legally and factually insufficient. We overrule.

■ In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex.Crim.App.2000).

■ In a factual sufficiency review, we view all the evidence in a neutral light and determine whether the evidence supporting the verdict is too weak to support the finding of guilt beyond a reasonable doubt or if evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt standard could not have been met. *Threadgill v. State,* 146 S.W.3d 654, 664 (Tex.Crim.App.2004) (citing *Zuniga v. State,* 144 S.W.3d 477, 486 (Tex.Crim.App. 2004)).

### Burglary

■ A person commits the offense of burglary if, without the effective consent of the owner, he or she enters a habitation with intent to commit theft. TEX. PEN. CODE ANN. § 30.02(a)(1).

■ Burglarious entry can be proven solely through circumstantial evidence. *Gilbertson v. State,* 563 S.W.2d 606, 608 (Tex.Crim.App. [Panel Op.] 1978). In cases where there is independent evidence of a burglary, the unexplained personal possession of recently stolen property may constitute sufficient evidence to support a conviction. *See Harris v. State,* 656 S.W.2d 481, 483 (Tex.Crim.App.1983); *Dixon v. State,* 43 S.W.3d 548, 552 (Tex. App.-Texarkana 2001, no pet.). Mere possession of stolen property does not give rise to a presumption of guilt, but, rather, it will support an inference of guilt of the offense in which the property was stolen. *Hardesty v. State,* 656 S.W.2d 73, 76 (Tex. Crim.App.1983). To warrant an inference of guilt based solely on the possession of stolen property, it must be established that the possession was personal, recent, and unexplained. *Sutherlin v. State,* 682 S.W.2d 546, 549 (Tex.Crim.App.1984); *Grant v. State,* 566 S.W.2d 954, 956 (Tex. Crim.App. [Panel Op.] 1978). The infer-

---

5. The appeals concerning the other two incidents are dealt with by separate opinions in cause numbers 06–05–00089–CR and 06–05–00090–CR.

ence of guilt is not conclusive, however, and the sufficiency of the evidence must still be examined according to applicable evidentiary standards of appellate review. *Hardesty,* 656 S.W.2d at 77.

Also, the possession must involve a distinct and conscious assertion of right to the property by the defendant. *Grant,* 566 S.W.2d at 956. If the defendant offers an explanation for his or her possession of the stolen property, the record must demonstrate the account is false or unreasonable. *Adams v. State,* 552 S.W.2d 812, 815 (Tex.Crim.App.1977). Whether a defendant's explanation for possession of recently stolen property is true or reasonable is a question of fact to be resolved by the trier of fact. *Dixon,* 43 S.W.3d at 552.

There is ample evidence to show that a burglary occurred at Norrell's home and several firearms and numerous coins were stolen. The record also reflects that Norrell did not give anyone permission to enter his home or take any of the stolen items.

It is undisputed that Rollerson was in possession of coins stolen from Norrell's home the day after the burglary. The evidence shows that Rollerson was attempting to sell the coins to Westside Checking. This was a distinct and conscious assertion of right to the property by Rollerson. *See Tabor v. State,* 88 S.W.3d 783, 787 (Tex.App.-Tyler 2002, no pet.). The only explanation offered by Rollerson for his possession of the coins was that he had received them from "a friend." However, there is nothing in the record to indicate Rollerson gave the friend's name or any other details about how he came into possession of the coins.

Whether the appellant's explanation is reasonable is an issue to be determined by the trier of fact. The falsity of the explanation may be shown by circumstantial evidence. *Adams,* 552 S.W.2d at 815. Evidence was presented that Rollerson told some acquaintances that he had some coins he wanted to cash. Other evidence shows that Rollerson had previously exchanged some other coins belonging to Norrell at a different store. The trial court's determination that Rollerson's sparse explanation was false or unreasonable is not contradicted by the evidence.

Viewed in the light most favorable to the verdict, the evidence showed that, just one day after the burglary, Rollerson had possession of numerous coins stolen from Norrell's home. The evidence also showed that Rollerson established a distinct and conscious assertion of right to those coins by attempting to sell them. *See Tabor,* 88 S.W.3d at 787. Finally, the evidence showed that Norrell did not give Rollerson permission to take or sell the coins. We hold that a rational trier of fact could have found beyond a reasonable doubt that Rollerson burglarized Norrell's home based on his personal, recent, and unexplained possession of Norrell's property.

Viewed in a neutral light, we find the evidence discussed above was strong enough to support a finding of guilt beyond a reasonable doubt. Rollerson did not provide any compelling direct evidence regarding how he obtained Norrell's coins. Rollerson's cross-examination of the State's witnesses did not produce strong evidence that someone else committed the burglary. The trial court was in the best position to judge the credibility of Rollerson's theory of the case. The record does not reflect that a beyond-a-reasonable-doubt standard could not have been met.

Accordingly, we hold that the evidence presented at trial was both legally and factually sufficient to support Rollerson's conviction for burglary of a habitation.

*Theft of a Firearm*

■ A person commits the offense of theft if, without the effective consent of the owner, the person appropriates property with the intent to deprive the owner of the property. TEX. PEN.CODE ANN. § 31.03(a). The record shows that firearms and coins were taken from Norrell's home without his consent. As discussed above, the evidence is both legally and factually sufficient to show that Rollerson was the person responsible for taking those items. Therefore, for the reasons already discussed, we hold the evidence is both legally and factually sufficient to support Rollerson's conviction for theft of a firearm.

*Felon in Possession of a Firearm*

■ A person commits the offense of unlawful possession of a firearm if that person has been convicted of a felony and possessed a firearm at any location other than the premises at which the person lives. TEX. PEN.CODE ANN. § 46.04(a)(2). Rollerson stipulated at trial that he had been convicted of the felony offenses of burglary of a habitation and failure to stop and render aid May 19, 1998. We have already found the evidence to be both legally and factually sufficient to show that Rollerson burglarized Norrell's home and stole a firearm. These actions necessarily entail that Rollerson possessed a firearm at one point. Therefore, given that Rollerson stipulated he had a felony conviction, we find the evidence legally and factually sufficient to support Rollerson's conviction for the offense of unlawful possession of a firearm.

## Deadly Weapon Finding Improper

■ The trial court made an affirmative finding that Rollerson used and exhibited a firearm during the commission of each offense or during the immediate flight therefrom. Rollerson challenges the sufficiency of the evidence to support these findings.

■ There is no evidence in the record that Rollerson carried a firearm into Norrell's home during the burglary. The trial court appears to have based its findings solely on Rollerson's possession of the firearms stolen during the burglary. To review evidence for legal sufficiency, this Court must view the evidence in the light most favorable to the verdict and determine if a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim. App.1992). When applied to the special issue regarding the use or exhibition of a deadly weapon during the commission of a felony offense, the question facing this Court is whether a rational trier of fact could find beyond a reasonable doubt that the mere possession of firearms facilitated the associated felony. *Gale v. State*, 998 S.W.2d 221, 223–24 (Tex.Crim.App.1999).

■ The Texas Court of Criminal Appeals has said, " '[U]sed ... a deadly weapon' during the commission of the offense means that the deadly weapon was employed or utilized in order to achieve its purpose. Whereas 'exhibited a deadly weapon' means that the weapon was consciously shown or displayed during the commission of the offense." *Patterson v. State*, 769 S.W.2d 938, 941 (Tex.Crim.App. 1989). Even simple possession of a firearm may be sufficient to support a deadly weapon finding if such possession facilitates the associated felony. *Id.* at 941.

In *Patterson*, the appellant was convicted of possession of a controlled substance. A search team executing a search warrant at a private residence found the appellant sitting on a couch in the living room. A loaded .45 caliber revolver was found by the arresting officer concealed between the

appellant's leg and the end of the sofa. The officer also found the appellant's wallet and a pistol "boot" holding ammunition for a .45 caliber weapon on a table next to the couch. *Id.* at 939. The court found there was sufficient evidence to uphold the jury's finding that he used or exhibited a deadly weapon in the course of possessing the contraband. *Id.* at 942. The court approved the intermediate court's determination "that a rational trier of fact could find that appellant 'used' the firearm during the commission of the felony offense of possessing the contraband, in a sense that the firearm protected and facilitated appellant's care, custody, and management of the contraband." *Id.*

The Texas Court of Criminal Appeals has held that, where the associated felony is unlawful possession of a firearm by a felon, an affirmative deadly weapon finding cannot be based solely on the defendant's possession of the firearm. *Narron v. State,* 835 S.W.2d 642 (Tex.Crim.App. 1992); *Ex parte Petty,* 833 S.W.2d 145 (Tex.Crim.App.1992). As noted, the trial court's finding was based solely on Rollerson's mere possession of a firearm. Therefore, the affirmative deadly weapon finding pertaining to Rollerson's conviction for the offense of unlawful possession of a firearm by a felon is improper.

█ The deadly weapon findings pertaining to the burglary and theft convictions are also improper. Unlike other burglary cases, there is no evidence that Rollerson handled the firearm in such a manner that would indicate he intended to use it for some purpose other than simply stealing it. In *Gregg v. State,* 820 S.W.2d 191 (Tex.App.-Fort Worth 1991, no pet.), during the burglary, the appellant found a shotgun in the closet of the master bedroom of the complainant's home, loaded the gun, and placed it on top of the bed in that room. The court held the appellant's actions were sufficient to support a deadly weapon finding because,

> Certainly he would not have gone to the trouble to load the gun and place it in such an accessible position had he simply intended to steal the gun; rather, the gun was "used" for the purpose of effectuating this burglary in that the appellant could have fired it upon being surprised or caught in the home by the complainant or a family member, the police, or anyone else. Although he was not in actual physical possession of the shotgun at the time of his arrest on the premises, appellant's act of finding, loading, and moving the gun, constituted sufficient control and possession of the gun as to support a finding that he "used" the gun during the commission of the offense.

*Id.* at 193. The clear implication from *Gregg* is that, if the defendant had "simply intended to steal the gun" without the other factors of loading and moving it, a finding that the gun was "used" could not have been sustained.

In contrast, here there is no evidence Rollerson loaded the firearm, or positioned it in such a way that he could use it against someone if he was surprised. The record shows that no one was home when Rollerson committed the burglary and theft. Rollerson was not confronted by law enforcement officials until the next day, and he did not possess a firearm at that time. Rollerson's possession of the firearm did not facilitate the burglary, as that crime would have been complete whether or not he found and possessed the weapon. Nor did the firearm facilitate his flight from the burglary, as he was not confronted by anyone, either civilian or law enforcement officials. His possession of the firearm did not facilitate the theft, as it was his very act of possession that constituted the crime.

As the court stated in *Petty*, "In the present case, the weapon was not 'used' in furtherance of any collateral felony. Thus, because there was no associated felony facilitated by the Applicant's possession of the deadly weapon, the holding in *Patterson* dictates that the affirmative finding of the use of a deadly weapon was error." *Petty*, 833 S.W.2d at 145–46. The same is true here. Therefore, the trial court erred by entering an affirmative deadly weapon finding with respect to the burglary and theft convictions.

We affirm the convictions, but reform the judgment to delete the affirmative deadly weapon findings with respect to all three convictions.