NO. 07-06-0396-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 10, 2007

_____


RAYMOND PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-413367; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Raymond Perez, was convicted of burglary of a habitation. Based upon a finding that Appellant had previously been finally convicted of two felony offenses, and the second previous felony conviction was for an offense that occurred subsequent to the first previous conviction having become final, the jury assessed

sentence at life imprisonment.[1]  Presenting a single issue, he contends the trial court erred by denying his motion for a directed verdict because the evidence was legally and factually insufficient to support his conviction.  We affirm.

Appellant was arrested and charged with burglary of a habitation after some of the stolen property was recovered from a local pawn shop.  The recovered items, which included a Game Boy, PlayStation games, and jewelry, were identified using serial numbers provided by the owner, who had reported the items stolen from her Lubbock residence on January 10, 2006.  Two pawn shop receipts, dated January 14, 2006, and January 27, 2006, identified Appellant as the person who pawned the items.

At Appellant's jury trial, the pawn receipts were admitted into evidence.  The pawn shop manager testified that she was present during the January 27 transaction and identified Appellant as the person who signed the pawn receipt.  Detective Michael Crane also testified regarding the pawn shop investigation.  At the conclusion of the State's evidence, Appellant moved for directed verdict claiming the evidence was legally and factually insufficient to sustain a conviction for burglary.  However, the motion was denied and Appellant was subsequently convicted.

By his sole issue, Appellant challenges the trial court's denial of his motion for a directed verdict.  A challenge to the denial of a motion for a directed verdict is essentially

---

[1]§ 12.42(d), Tex. Penal Code (Vernon Supp. 2006).

a challenge to the legal sufficiency of the evidence. *E.g., Rice v. State*, 195 S.W.3d 876, 879 (Tex.App.–Dallas 2006, pet. ref'd). *See also Williams v. State*, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996). But because Appellant also claims the evidence was factually insufficient, we will review the evidence for both legal and factual sufficiency.

When both the legal and factual sufficiency of the evidence are challenged, we first determine whether the evidence is legally sufficient to support the verdict. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is proved beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2006); Tex. Penal Code Ann. § 2.01 (Vernon 2003). When conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *McKinney v. State*, 207 S.W.3d 366, 374 (Tex.Crim.App. 2006). We conduct this analysis by considering all the evidence–whether proper or improper–so that we can make an assessment from the jury's perspective. *Miles v. State*, 918 S.W.2d 511, 512 (Tex.Crim.App. 1996). The standard of review is the same for both circumstantial and direct evidence. *King v. State*, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995). We must uphold the verdict unless it is irrational or unsupported by more than a mere modicum of evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

3

Conversely, when conducting a factual sufficiency review, we examine all the evidence in a neutral light and determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004 ), *overruled in part by Watson v. State*, 204 S.W.3d 404, 415-17 (Tex.Crim.App. 2006). We cannot reverse a conviction unless we find some objective basis in the record that demonstrates that the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson*, 204 S.W.3d at 417. In other words, we cannot conclude that Appellant's conviction is "clearly wrong" or "manifestly unjust" simply because we disagree with the jury's verdict. *Id.*; Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).

To determine whether the evidence was sufficient to support Appellant's conviction, we must also review the elements the State was required to prove. As alleged in the indictment, a person commits burglary if, without the effective consent of the owner, he enters a habitation with the intent to commit theft. Tex. Penal Code Ann. § 30.02(a)(1) (Vernon 2003). The commission of this offense can be proven solely by circumstantial evidence. *See, e.g., Rollerson v. State*, 196 S.W.3d 803, 806 (Tex.App.–Texarkana 2006, pet. granted); *Roberson v. State*, 16 S.W.3d 156, 164 (Tex.App.–Austin 2000, pet. ref'd). In fact, a defendant's exclusive and unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *Poncio v. State*, 185 S.W.3d 904, 905 (Tex.Crim.App. 2006). This inference is not conclusive, however, and the sufficiency of the evidence must still be examined pursuant to

the applicable standards of appellate review.  *Rollerson,* 196 S.W.3d at 806-07; *Hardesty v. State*, 656 S.W.2d 73, 76 (Tex.Crim.App. 1983).

Here, Appellant does not deny that he pawned the stolen items but contends the State failed to prove that his ownership of the stolen property was recent.  To warrant an inference of guilt based solely on the defendant's possession of stolen property, the possession must involve a distinct and conscious assertion of a possessory right to the property by the defendant and the assertion of that right must be "recent" in relation to the time frame of the alleged offense.  *Middleton v. State,*  187 S.W.3d 134 (Tex.App.-- Texarkana 2006, no pet. h.)  Focusing solely on the January 27 pawn transaction, Appellant argues that the seventeen-day gap between the burglary and the pawn transaction made it more reasonable for the jury to infer that he obtained the stolen property by some means other than burglary.  However, the evidence fails to offer an alternative explanation for how he obtained possession of the stolen items.  In addition, Appellant's argument fails to account for the pawn receipt dated January 14 that was admitted into evidence as State's Exhibit 1.  Given the fact that the January 14 pawn receipt linked Appellant to some of the stolen items as early as four days after the burglary, we find that a rational juror could have inferred that Appellant was guilty of burglary beyond a reasonable doubt. *See Poncio,* 185 S.W.3d at 904-05. Furthermore, the testimony of the pawn shop manager places Appellant in possession of additional stolen items thirteen days later on January 27.  The jury, as the exclusive judge of the facts and credibility of the witnesses, is free to believe or disbelieve any part of a witness's testimony.  Tex. Code

5

Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Goodman v. State*, 66 S.W.3d 283, 287 (Tex.Crim.App. 2001). Based on this evidence, we find that the evidence was legally and factually sufficient to support Appellant's conviction for burglary and that the trial court did not err by denying Appellant's motion for directed verdict.

Accordingly, we affirm the trial court's judgment.


Patrick A. Pirtle
Justice

Do not publish.