NO. 07-07-0161-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 17, 2007


______________________________



GERALD LESLIE COOTS,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 64th DISTRICT COURT OF HALE COUNTY;



NO. A14249-0111; HON. ROBERT W. KINKAID, JR., PRESIDING


_______________________________



ON MOTION TO DISMISS


__________________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 Appellant Gerald Leslie Coots, by and through his attorney, has filed a motion to
dismiss his appeal because he no longer desires to prosecute it. Without passing on the
merits of the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate
Procedure 42.2(a) and dismiss the appeal. Having dismissed the appeal at appellant's
request, no motion for rehearing will be entertained, and our mandate will issue forthwith.


 Brian Quinn

 Chief Justice

Do not publish.



ly convicted. 

 By his sole issue, Appellant challenges the trial court's denial of his motion for a
directed verdict. A challenge to the denial of a motion for a directed verdict is essentially
a challenge to the legal sufficiency of the evidence. E.g., Rice v. State, 195 S.W.3d 876,
879 (Tex.App.-Dallas 2006, pet. ref'd). See also Williams v. State, 937 S.W.2d 479, 482
(Tex.Crim.App. 1996). But because Appellant also claims the evidence was factually
insufficient, we will review the evidence for both legal and factual sufficiency.

 When both the legal and factual sufficiency of the evidence are challenged, we first
determine whether the evidence is legally sufficient to support the verdict. Clewis v. State,
922 S.W.2d 126, 133 (Tex.Crim.App. 1996). It is a fundamental rule of criminal law that
one cannot be convicted of a crime unless it is proved beyond a reasonable doubt that the
defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex.
Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2006); Tex. Penal Code Ann. § 2.01
(Vernon 2003). When conducting a legal sufficiency review, we must determine whether,
after viewing the evidence in the light most favorable to the prosecution, any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979);
McKinney v. State, 207 S.W.3d 366, 374 (Tex.Crim.App. 2006). We conduct this analysis
by considering all the evidence-whether proper or improper-so that we can make an
assessment from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512
(Tex.Crim.App. 1996). The standard of review is the same for both circumstantial and
direct evidence. King v. State, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995). We must
uphold the verdict unless it is irrational or unsupported by more than a mere modicum of
evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). 

 Conversely, when conducting a factual sufficiency review, we examine all the
evidence in a neutral light and determine whether the jury was rationally justified in finding
guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App.
2004 ), overruled in part by Watson v. State, 204 S.W.3d 404, 415-17 (Tex.Crim.App. 2006). 
We cannot reverse a conviction unless we find some objective basis in the record that
demonstrates that the great weight and preponderance of the evidence contradicts the jury's
verdict. Watson, 204 S.W.3d at 417. In other words, we cannot conclude that Appellant's
conviction is "clearly wrong" or "manifestly unjust" simply because we disagree with the jury's
verdict. Id.; Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).

 To determine whether the evidence was sufficient to support Appellant's conviction,
we must also review the elements the State was required to prove. As alleged in the
indictment, a person commits burglary if, without the effective consent of the owner, he
enters a habitation with the intent to commit theft. Tex. Penal Code Ann. § 30.02(a)(1)
(Vernon 2003). The commission of this offense can be proven solely by circumstantial
evidence. See, e.g., Rollerson v. State, 196 S.W.3d 803, 806 (Tex.App.-Texarkana 2006,
pet. granted); Roberson v. State, 16 S.W.3d 156, 164 (Tex.App.-Austin 2000, pet. ref'd). 
In fact, a defendant's exclusive and unexplained possession of property recently stolen in
a burglary permits an inference that the defendant is the one who committed the burglary. 
Poncio v. State, 185 S.W.3d 904, 905 (Tex.Crim.App. 2006). This inference is not
conclusive, however, and the sufficiency of the evidence must still be examined pursuant to
the applicable standards of appellate review. Rollerson, 196 S.W.3d at 806-07; Hardesty
v. State, 656 S.W.2d 73, 76 (Tex.Crim.App. 1983). 

 Here, Appellant does not deny that he pawned the stolen items but contends the
State failed to prove that his ownership of the stolen property was recent. To warrant an
inference of guilt based solely on the defendant's possession of stolen property, the
possession must involve a distinct and conscious assertion of a possessory right to the
property by the defendant and the assertion of that right must be "recent" in relation to the
time frame of the alleged offense. Middleton v. State, 187 S.W.3d 134 (Tex.App.--Texarkana 2006, no pet. h.) Focusing solely on the January 27 pawn transaction,
Appellant argues that the seventeen-day gap between the burglary and the pawn
transaction made it more reasonable for the jury to infer that he obtained the stolen
property by some means other than burglary. However, the evidence fails to offer an
alternative explanation for how he obtained possession of the stolen items. In addition,
Appellant's argument fails to account for the pawn receipt dated January 14 that was
admitted into evidence as State's Exhibit 1. Given the fact that the January 14 pawn
receipt linked Appellant to some of the stolen items as early as four days after the burglary,
we find that a rational juror could have inferred that Appellant was guilty of burglary beyond
a reasonable doubt. See Poncio, 185 S.W.3d at 904-05. Furthermore, the testimony of the
pawn shop manager places Appellant in possession of additional stolen items thirteen days
later on January 27. The jury, as the exclusive judge of the facts and credibility of the
witnesses, is free to believe or disbelieve any part of a witness's testimony. Tex. Code
Crim. Proc. Ann. art. 38.04 (Vernon 1979); Goodman v. State, 66 S.W.3d 283, 287
(Tex.Crim.App. 2001). Based on this evidence, we find that the evidence was legally and
factually sufficient to support Appellant's conviction for burglary and that the trial court did
not err by denying Appellant's motion for directed verdict.

 Accordingly, we affirm the trial court's judgment.


 Patrick A. Pirtle

 Justice


Do not publish.

 
1. § 12.42(d), Tex. Penal Code (Vernon Supp. 2006).