Affirmed and Memorandum Opinion filed July 7, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00291-CR

___________________

 

Burnett Pines A/K/A BURNETT BLAKE PINES,
Appellant

 

V.

 

THE State of Texas, Appellee



 



 

On
Appeal from the 405th District Court

Galveston County,
Texas



Trial Court Cause No. 09CR2220

 



 

 

MEMORANDUM OPINION

            A
jury convicted appellant Burnett Pines of felony theft of property worth more
than $1,500 but less than $20,000, and after considering enhancements, the
trial court assessed punishment at ten years’ confinement in the Texas
Department of Criminal Justice, Institutional Division.  Appellant contends
that the trial court erred in denying his motion for instructed verdict, and
asserts that, given the long history of the presumption of innocence, it is
“intellectually dishonest” for courts to presume that a person in the
unexplained possession of stolen property is guilty of theft.  Because there is
no such presumption of guilt and the evidence was legally sufficient to support
the verdict, we affirm the trial court’s judgment.  

I.  Background

            Robert Reeves,
the electrical-production foreman for Farmer’s Alloy Fabricating, arrived at
work at about 5:45 a.m. on Monday, July 20, 2009, to discover that the facility
had been burglarized.  The stolen property was worth more than $30,000, and
included the company pickup truck and hundreds of pounds of copper wiring.  Reeves
reported that the property was secure when last seen on Friday, July 17, 2009. 


            After
learning of the theft, company owner Jason Farmer visited local scrap yards
looking for the stolen wiring.  At Castillo’s Recycling, Farmer found a large
quantity of the missing property.  Castillo’s Recycling buys copper wiring as
scrap metal and determined the price based on the material’s weight.  Yesenia
Olivo, an employee of Castillo’s Recycling, testified that a man and woman came
to the facility at 8:05 a.m. on Saturday, July 18, 2009 with wiring weighing
600 pounds wrapped in a blanket in the trunk of their car.  The man identified
Annie Coleman as the owner of the wiring, and provided a copy of Coleman’s
driver’s license.  Olivo offered a purchase price based on the value of the
material as scrap copper wiring, and the man accepted.  Olivo was unaware, and
the seller did not mention, that some of the wiring was silver-plated and
therefore more valuable.  The pair returned at around 2:00 p.m. that afternoon
and sold more material to Castillo’s Recycling.  

            The same
couple sold 654 pounds of wiring to Momentum Recycling on the morning of July
20, 2009, and the transaction was captured on Momentum’s surveillance
videotape.  Photographs produced from the videotape show a black male wearing
leather gloves transferring the wires from the trunk of a car while a black
female sits nearby.  Momentum employee George Phillips Jr. testified that
although the wiring was sold as loose scrap metal, some of the wiring was still
on spools until the seller removed it for weighing.  According to Phillips, the
male seller identified Annie Coleman as the owner of the material, and signed
her name on the receipt.  A woman named Annie Coleman did own the car used to
transport the wiring to the buyers, but Coleman was older than the woman shown
on Momentum’s surveillance videotape.  When visiting Coleman’s home, however,
Farmer saw the younger woman who is seen on the tape.  The younger woman was
Shante Thomas, and she testified as an accomplice witness at appellant’s
trial.  

            According to
Thomas, she and appellant were staying at Coleman’s house in July 2009, and
Coleman told Thomas to drive appellant to the scrap-metal dealers.  When Thomas
went to Coleman’s car, appellant already had loaded the wiring into the trunk. 
Thomas drove appellant to the two recycling companies, and appellant paid
Coleman and Thomas for their assistance.

            Appellant
was indicted for theft of copper wire valued at more than $20,000 and less than
$100,000, and was convicted of the lesser-included offense of theft of property
valued at more than $1,500 and less than $20,000.  

II.  Analysis

            In a single
issue, he asks this court to reverse the trial court’s judgment and render a
judgment of acquittal on the ground that the trial court erred in denying his
motion for an instructed verdict.  We treat a point
of error complaining about a trial court's failure to grant a motion for
directed verdict as a challenge to the legal sufficiency of the evidence.  Williams
v. State, 937 S.W.2d 479 (Tex. Crim. App. 1996).  To evaluate the legal
sufficiency of the evidence, we consider all of the evidence in the light most
favorable to the verdict to determine whether a rational juror could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 463 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); Williams
v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  Here, appellant was
convicted of theft.  A person commits theft by unlawfully appropriating
property with the intent to deprive the owner of the property.  Tex. Penal Code § 31.03(a) (West.
2011).  One “appropriates” property by transferring or purporting to transfer
title to or an interest in the property, or by acquiring or exercising control
over  property other than real property.  Id. § 31.01(4).  As
relevant to this case, “[a]ppropriation of property is unlawful if (1) it is
without the owner’s effective consent; [or] (2) the property is stolen and the
actor appropriates the property knowing it was stolen by another . . . .”  Id.
§ 31.03(b)(1), (b)(2).  Thus, the evidence is legally sufficient if a
rational jury could have found, beyond a reasonable doubt, that appellant unlawfully
acquired, transferred, or exercised control over the wire.

            The appellant,
however, does not discuss the legal sufficiency of the evidence.  His argument that
the trial court erred in denying his motion for instructed verdict is supported
only by three paragraphs concerning the history of the presumption of
innocence, followed by this statement:[1]
“It is argued here that it is intellectually dishonest that the offense of
theft . . . is the only offense where the
presumption of innocence is not given the accused . . . ,
unless the accused waives his right to remain silent and gives an[] explanation
of his possession of the ‘stolen’ property.” (emphasis added) (citations
omitted).  Because appellant relies on Hardesty v. State as support for
this statement, we understand appellant to assert the same argument made by the
appellant in Hardesty, i.e., that there is “insufficient evidence to
support the presumption of guilt arising from appellant’s recent and
unexplained possession of stolen property.”  656 S.W.2d 73, 75–76 (Tex.
Crim. App. 1983) (emphasis added).  

            To clarify, however,
there is no such “presumption” of guilt.  Possession of stolen property is
circumstantial evidence that may support an inference of guilt, but it does not
eliminate the presumption of innocence.  See id. at 77 (“[T]he burden of
proof is not shifted, and the State must still prove each element of the crime
beyond a reasonable doubt.”).[2]
 Moreover, the inference is not based solely on unexplained possession.  To
warrant an inference of guilt, the defendant must have personally possessed the
property soon after the theft, and must have distinctly and consciously
asserted a right to the property.  Jackson v. State, 645 S.W.2d 303, 306
(Tex. Crim. App. 1983).  It therefore might be more accurate to say that such
circumstantial evidence gives rise to an inference of guilt that the accused’s
silence leaves unrebutted.  

            Here, the
trial court instructed the jury that appellant was presumed innocent.  On the
other hand, the jury heard evidence that appellant personally possessed the stolen
property, as demonstrated not only by the testimony of several witnesses but
also by a videotaped record.  He also distinctly and consciously asserted his
right to the property by selling it.  See Rollerson v. State, 196 S.W.3d
803, 807 (Tex. App.—Texarkana 2006) (holding that the attempted sale of stolen
property is “a distinct and conscious assertion of right to the property”), aff’d,
227 S.W.3d 718 (Tex. Crim. App. 2007); see also Chavez v. State, 843
S.W.2d 586, 588 (Tex. Crim. App. 1992) (“[E]vidence sufficient to show an
accused exercised control over property without consent of the owner, intending
to deprive him of it, is always enough to prove theft.”).  And he began selling
the stolen property for its scrap value less than twenty-four hours after the
theft.  See Jackson v. State, 12 S.W.3d 836, 840–41 (Tex. App.—Waco
2000, pet. ref’d) (evidence that the appellant sold stolen property to a
recycling center for its scrap value two days after the theft is legally
sufficient to support theft conviction).  

            Despite the
presumption of innocence, the jury could infer from these circumstances that
appellant was guilty of unlawfully appropriating the property, and appellant’s
silence left that inference unrebutted.  A rational jury therefore could find
that this evidence established the essential elements of the offense beyond a
reasonable doubt.  

            Because the
judgment is based on legally sufficient evidence rather than on a presumption
of guilt as appellant seems to suggest, we affirm the trial court’s judgment.  

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Brown, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Appellant included
citations in brackets within this statement.  To increase readability, we have
moved those citations to footnotes.  





[2] Appellant does not
contend that anyone ever suggested to the jury that he was presumed guilty.