*1679-14*

ORIGINAL

No. PD-1679-14

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 02 2015

Abel Acosta, Clerk

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

RICHARD EARL HARTSFIELD,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

FILED IN
COURT OF CRIMINAL APPEALS

MAR 03 2015

Abel Acosta, Clerk

Petition in Cause #241-1150-13 from the
241st District Court of Smith County, Texas
and
the Court of Appeals for the Twelfth District
of Texas, No. 12-13-000343-CR

## PETITION FOR DISCRETIONARY REVIEW

RICHARD EARL HARTSFIELD
#1906378
MICHAEL Unit
2664 F.M. 2054
Tennessee Colony, TX 75886

Pro Se

[APPELLANT REQUESTS NO ORAL ARGUMENT]

# TABLE OF CONTENTS

|                                                      | PAGE |
| ---------------------------------------------------- | ---- |
| Names of all Parties                                 | i    |
| Table of Contents                                    | ii   |
| Index of Authorities                                 | iii  |
| Statement Regarding No Oral Argument                 | 1    |
| Statement of the Case                                | 1    |
| Statement of Procedural History                      | 1    |
| Ground for Review                                    | 1    |
| Argument                                             | 1    |
| Prayer for Relief                                    | 5    |
| Certificate of Service                               | 5    |

APPENDIX

    Court of Appeals' Memorandum Opinion    6

EXHIBIT #1:  "Motion to Dismiss Theft of Firearm" charge in CAUSE #241-1153-13    7

EXHIBIT #2:  "Motion to Dismiss Possession of Prohibited Weapon" charge in CAUSE #241-1152-13    8

EXHIBIT #3:  "Motion to Dismiss Unlawful Possession of Firearm by Felon" charge in CAUSE #241-1151-13    9

## STATEMENT REGARDING NO ORAL ARGUMENT

No oral argument is requested because, as will be shown below, the trial record clearly establishes that the evidence was/is insufficient to an affirmative finding of a deadly weapon.

## STATEMENT OF THE CASE

On October 28th, 2013, Richard Hartsfield ("Appellant") was convicted in the 241st District Court of Smith County, Texas and sentenced to **LIFE** confinement in the Texas Department of Criminal Justice in Cause #241-1150-13, for the offense of Manufacture/Delivery of Controlled Substance In a Drug Free Zone. Notice of Appeal was timely filed (I CR 129, 134).

## STATEMENT OF PROCEDURAL HISTORY

On December 03rd, 2014, the Twelfth Court of Appeals affirmed the trial court's judgment of a deadly weapon finding. The Texas Court of Criminal Appeals granted an extension of time to file this Petition for Discretionary Review.

## GROUND FOR REVIEW

> DID THE 12th COURT OF APPEALS REASONABLY APPLY CLEARLY ESTABLISHED FEDERAL LAW, UNDER **JACKSON v. VIRGINIA,** 99 S.Ct. 2781 (1979), WHEN IT AFFIRMED THE JURY'S AFFIRMATIVE FINDING OF A DEADLY WEAPON IN LIGHT OF THE FACTS IN THIS CASE?

## ARGUMENT

Appellant is incarcerated in violation of the Due Process Clause of the **FOURTEENTH AMENDMENT** of the United States Constitution after the Twelfth Court of Appeals **[un]**reasonably applied clearly established federal law, under **JACKSON v.**

-1-

**VIRGINIA**, because **no** rational trier of fact [c]ould have found the essential elements of an affirmative finding of a deadly weapon beyond a reasonable doubt in light of the following facts established--- or [lacking]---at trial:

1) Appellant and another individual were [in the front yard] of a home that Tyler police searched---pursuant to a search warrant---on April 11th, 2013 (V RR 140-142);

2) When the police searched [inside] the said home, which belonged to Appellant's [s]ister (VI RR 190-192), they found multiple firearms (V RR 159-168) yet the officer[s] conceded that they had **no** evidence that Appellant "ever touched or used" the weapons "in any way" and that their month[s]-long surveillance of him had offered nothing to support **any** inference that he had ever carried a firearm (V RR 239-240, 244-265);

3) When Appellant was detained while officers searched inside the home (V RR 143), Appellant had **no** weapon on him (V RR 240, 268);

4) The home was used by [multiple] family members of the Appellant's and their friends, many of whom had access and entry to the home without permission and assistance from Appellant (VI RR 180-198);

5) Several of the firearms recovered were actually owned by other members of the family **without any** involvement from Appellant (VI RR 190-192);

6) **No** evidence suggested the Appellant ever knew any weapons were inside the home;

-2-

7) A police officer testified that when Appellant (having $585.oo on him, which the officer termed "a lot of money") was arrested outside in the front yard of the home that police recovered the firearms, Appellant was a good distance from the nearest firearm---which was found under a couch **[inside]** the home (V RR 268);

8) **None** of the firearms recovered were out in plain view but, rather, were in places out of sight many of which were difficult to reach and wrapped in blankets or gun bags and stored in a hot water heater closet in such a way that they were "extremely difficult to get to"[1] (V RR 284);

9) The officer who discovered the large amount of firearms in the hot water heater closet testified that "those guns were **not** being used to protect anything. They were just in the hot water heater closet" (V RR 283, 284);

10) Although Appellant went to trial for possession of or distribution of cocaine, **no** evidence at trial established he ever possessed or distributed any narcotics; and,

11) State's Exhibit #120 showed that the drugs recovered by police were in different rooms than those of the firearms (XI RR).

Appellant also contends that the trial court's judgment as to the deadly weapon finding should be reversed because after Appel-

---

[1] The police officer testified that "to go in this hot water heater closet, the door opens into it, so you had to open the door, **squeeze** in and then try to get the door closed behind you to actually get in the room" (V RR 284).

lant's conviction on October 28th, 2013, the State successfully moved on October 31st, 2013 to dismiss it's three indictments against Appellant, which were: (1) Theft of Firearm,[2] (2) Possession of Prohibited Weapon,[3] and (3) Unlawful Possession of Firearm by Felon.[4]

The Court of Appeals affirming the trial court's deadly weapon finding also was an [un]reasonable application of federal law under JACKSON v. VIRGINIA because Appellant's case is identical to the prisoner's case in WYNN v. STATE[5] in which this Court upheld the Houston Court of Appeals' holding that there was "no support for a deadly weapon finding where, in part, the Defendant was in the patrol car when officers searched the house and was not within reach of the narcotics and gun, the guns were found in a different bedroom than the narcotics, and the Defendant was one of several people with access to the house." The Tyler Court of Appeals's reasoning for affirming the trial court's deadly weapon finding in this case was: 1) the large amount and type of firearms discovered, 2) their close, albeit not immediate, proximity to the contraband discovered, and 3) the aforementioned testimonies of the officers" (see APPENDIX, p. 6, Court of Appeals' Memorandum

---

[2] see attached EXHIBIT #1: "Motion to Dismiss Theft of Firearm" charge in Cause #241-1153-13, which was **GRANTED.**

[3] see attached EXHIBIT #2: "Motion to Dismiss Possession of Prohibited Weapon" charge in Cause #241-1152-13, also **GRANTED.**

[4] see attached EXHIBIT #3: "Motion to Dismiss Unlawful Possession of Firearm by Felon" charge in Cause #241-1151-13, also **GRANTED.**

[5] 847 S.W.2d 357, 360 (Tex. App.——Houston [1st Dist.] 1993), aff'd, 864 S.W.2d 439 (Tex. Crim. App. 1993).

-4-

Opinion).

However, in light of the (11) aforementioned facts with Appellant's supporting arguments in this petition, "the evidence is" **very** "[in]**sufficient to support the essential elements of a" deadly weapon finding "beyond a reasonable doubt". JACKSON v. VIRGINIA, 99 S.Ct. 2781, 2786-87 (1979).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant humbly prays that this Court **GRANT** this petition, remand this case back to the Court of Appeals with instructions to reverse the judgment of the trial court as to the deadly weapon finding and reform the judgment to reflect the same.

Respectfully submitted,

*Richard Earl Hartsfield*
RICHARD EARL HARTSFIELD
#1906378
MICHAEL Unit
2664 F.M. 2054
Tennessee Colony, TX 75886

Pro Se

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Petition for Discretionary Review was served to the State's Attorney by placing same in the MICHAEL Unit mailbox, postage pre-paid, on February 25th, 2015, and addressed to: Michael West,
Asst. District Attorney of
Smith County, Texas
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

*Richard Earl Hartsfield*
RICHARD EARL HARTSFIELD

-5-

# NO. 12-13-00343-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD EARL HARTSFIELD,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Richard Earl Hartsfield appeals his conviction for possession of between four and two hundred grams of cocaine in a drug free zone with intent to deliver, for which he was sentenced to imprisonment for life. In one issue, Appellant argues that the evidence is insufficient to support the jury's affirmative deadly weapon finding. We affirm.

## BACKGROUND

On April 11, 2013, Tyler Police Department officers executed a search warrant at a house where Appellant resided. Appellant was in the front yard when the officers arrived and was detained while they conducted their search of the premises. As a result of the search, the officers recovered cocaine and marijuana as well as numerous firearms. Appellant was placed under arrest.

Appellant was charged by indictment with possession of between four and two hundred grams of cocaine in a drug free zone with intent to deliver. The indictment further alleged that Appellant had been previously convicted of murder. The State later successfully moved to amend the indictment to add the allegation that Appellant "used or exhibited a deadly weapon, to wit: a firearm, for the purpose of protecting his narcotics and profits while conducting illegal narcotics sales."

Appellant pleaded "not guilty," and the matter proceeded to a jury trial, following which the jury found Appellant "guilty" as charged. The jury further found that Appellant used or exhibited a deadly weapon during his commission of the offense. Ultimately, the jury assessed Appellant's punishment at imprisonment for life. The trial court sentenced Appellant accordingly, and this appeal followed.

## EVIDENTIARY SUFFICIENCY OF DEADLY WEAPON FINDING

In his sole issue, Appellant argues that the evidence is insufficient to support the jury's affirmative deadly weapon finding.

### Standard of Review

The *Jackson v. Virginia*[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

2

## Governing Law

The Texas Penal Code defines a "deadly weapon" as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2012). A firearm is per se a deadly weapon. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(A) (West Supp. 2014).

The Texas Court of Criminal Appeals has stated that "use" of a deadly weapon during the commission of the offense means that the deadly weapon "was employed or utilized in order to achieve its purpose." *Rollerson v. State*, 196 S.W.3d 803, 808 (Tex. App.–Texarkana 2006), *aff'd*, 227 S.W.3d 718 (Tex. Crim. App. 2007). On the other hand, to "exhibit" a deadly weapon means that the weapon was "consciously shown or displayed during the commission of the offense." *Id.* (citing *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989)). But even simple possession of a firearm may be sufficient to support a deadly weapon finding if the possession facilitates the associated felony. *See Rollerson*, 196 S.W.3d at 941.

In *Patterson*, the appellant was convicted of possession of a controlled substance. *See Patterson*, 769 S.W.2d at 939. A team executing a search warrant at a private residence found the appellant sitting on a couch in the living room. *See id.* A loaded .45 caliber revolver was found by the arresting officer concealed between the appellant's leg and the end of the sofa. *See id.*; *see also Rollerson* 196 S.W.3d at 808–09. The officer also found the appellant's wallet and a pistol "boot" holding ammunition for a .45 caliber weapon on a table next to the couch. *See Patterson*, 769 S.W.2d at 939; *see also Rollerson* 196 S.W.3d at 809. The court approved the intermediate court's determination that a rational trier of fact could find that the appellant "used" the firearm during the commission of the felony offense of possessing the contraband, in the sense that the firearm protected and facilitated the appellant's care, custody, and management of the contraband. *See Patterson*, 769 S.W.2d at 942. Therefore, the court held that there was sufficient evidence to uphold the jury's finding that he used or exhibited a deadly weapon in the course of possessing the contraband. *See id.*

The court of criminal appeals recently discussed its holding in *Patterson* in *Plummer v. State*, 410 S.W.3d 855 (Tex. Crim. App. 2013). Specifically, the court noted the expansion of its holding in *Patterson* as follows:

> A second expansion of *Patterson* permits deadly weapon findings when a jury could infer, in the absence of actual harm or threat, that the weapon "facilitated" the associated felony.

3

> For example, when a defendant possesses both guns and drugs, a jury may make a deadly weapon finding even though he did not overtly use or brandish a gun because the weapon reasonably could have "protected and facilitated [the] appellant's care, custody, and management of the contraband."
>
> A third expansion of *Patterson's* reach permits a deadly weapon finding even when the weapon is not found on or near the defendant. In *Coleman v. State*, [145 S.W.3d 659 (Tex. Crim. App. 2004)], the defendant was handcuffed in a patrol car while police officers searched his house and found a large quantity of drugs in a safe, along with two guns and a large amount of cash. [*Id.* at 650]. These facts generated a "cumulative effect sufficient to show that the weapons had facilitated the possession of drugs by protecting them and the profits from their sale." [*Id.* at 655]. The nature of the illegal drug trade invites the possibility of violence and encourages drug dealers to carry deadly weapons to protect themselves and their inventory. The "drug fortress theory" supposes that firearms stored at a drug manufacturing or distribution location might be used to defend against police or thieves. A second theory, the "more than strategic proximity theory," requires an evidentiary connection between the guns and drugs to establish that the guns "facilitated or could have facilitated the drug trafficking offense." Both theories recognize that drug dealers frequently use guns to protect themselves and their merchandise.

*Plummer*, 410 S.W.3d at 859 [citations omitted]. The court noted that since its holding in *Patterson*, it had upheld deadly weapon findings when the evidence showed that the weapon facilitated the associated felony even though it was not overtly used. *See id.* at 860.

### Firearms and Contraband Recovered from the Residence

In the case at hand, when conducting their search of the living room area adjacent to the entryway, officers discovered a .40 caliber Smith & Wesson semiautomatic pistol with a loaded magazine underneath a sectional couch. Detective Hillary Erbaugh testified that this pistol was easily accessible to Appellant, even when he was standing outside the house. Erbaugh further testified that Appellant could reach the pistol, aim, and fire it in about fifteen seconds. Officers also discovered marijuana on a nearby shelf.

In the kitchen that adjoined the living room, officers found razor blades in a drawer above a cabinet, in which they discovered a loaded Glock 23 pistol and a .22 caliber Baretta pistol concealed in a plastic grocery bag. Erbaugh and Detective Jamie Tarrant testified that, in their respective experiences with the narcotics world, razor blades were used for cutting up narcotics such as crack cocaine into smaller amounts.

Behind a bar in a secondary living area adjacent to the primary living area, officers found twenty-four grams of marijuana.

In the bedroom[2] near the kitchen, officers discovered on top of a dresser a plastic baggie containing thirteen grams of cocaine and a digital scale. Sergeant Brian Bulman testified that

---

[2] Officers determined that this bedroom was used by Appellant.

4

digital scales are often used to weigh narcotics for resale and distribution. Moreover, Erbaugh testified that the cocaine in the baggie had been part of a "cookie" of crack cocaine and that the amount was consistent with an amount offered for sale rather than one kept for personal use.

Finally, in the water heater closet between the kitchen and Appellant's bedroom, officers found a loaded 9mm Beretta pistol, an unloaded TEC-9 handgun, an unloaded AK-47 rifle, and a loaded .22 caliber rifle. In the same closet, they found several loaded magazines for the TEC-9 and a large amount of ammunition of various calibers including ammunition for the Glock 23 pistol and the Smith & Wesson pistol.

Erbaugh, Tarrant, and Bulman each testified that drug dealers commonly possess firearms to protect their product and the proceeds from its sale. Bulman further testified that drug dealers often possess firearms as a means of intimidation in dealing with their clients. Each of these officers also testified that firearms used by drug dealers in this way facilitated their delivery of controlled substances. Moreover, the officers stated that in their opinions and based on their respective training and experiences, Appellant used a firearm to facilitate the offense of possession of cocaine with intent to deliver.

The record indicates that none of the firearms located within the home were found in the precise location as the recovered contraband. Nonetheless, based on our review of the record, we conclude that the plethora of firearms discovered in the residence far exceed the realm of mere coincidence. *See Coleman*, 145 S.W.3d at 659 n.14 (automatic weapons or large-bore pistols are more likely connected to a drug transaction than a hunting rifle or shotgun) (citing *United States v. Moses*, 289 F.3d 847, 851 (6th Cir. 2002) (stating that possession of a .22 pistol is not "an uncommon weapon among those who commit drug offenses")); *United States v. Drozdowski*, 313 F.3d 819, 823 (3d Cir. 2002) (noting that handguns "are more likely to be used in connection with a drug offense than long, hunting guns"); *United States v. Cantero*, 995 F.2d 1407, 1411 (7th Cir. 1993) (noting that the handgun "is a 'tool of the [drug] trade' because it is easy to conceal yet deadly"); *United States v. Green*, 889 F.2d 187, 189 (8th Cir. 1989) ("[u]nlike the rifle in the hypothetical, however, guns like Green's are used only for personal protection")); *see also, e.g., Gale v. State*, 998 S.W.2d 221, 222–23 (Tex. Crim. App. 1999) (guns found in closet with drugs included "one Ruger–Mini–14 rifle . . . an Uzi semi-automatic assault-type rifle, one nine-millimeter rifle, one nine millimeter handgun").

5

Considering the (1) the large number and type of firearms discovered, (2) their close, albeit not immediate, proximity to the contraband discovered, and (3) the aforementioned testimonies of the officers, we conclude that these facts generate a cumulative effect sufficient to show that the weapons facilitated the possession of drugs by protecting them and the profits from their sale. *See Plummer*, 410 S.W.3d at 859; *Coleman v. State*, 145 S.W.3d 655. Therefore, we hold that the evidence is sufficient to support the jury's deadly weapon finding. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered December 3, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

## CAUSE NO. 241-1153-13

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| RICHARD HARTSFIELD | § | SMITH COUNTY, TEXAS |

Theft of Firearm

### MOTION TO DISMISS

Now comes the Criminal District Attorney of Smith County, Texas and asks the Court to dismiss the above entitled and numbered Cause, for the following reason, to-wit:

On October 28, 2013, the defendant was convicted and sentenced to LIFE confinement in the Texas Department of Criminal Justice in cause number 241-1150-13, for the offense of Manufacture/Delivery of Controlled Substance In a Drug Free Zone.

**THEREFORE, THE STATE RESPECTFULLY REQUESTS THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE.**

_____
ASSISTANT DISTRICT ATTORNEY
OR SMITH COUNTY, TEXAS

_____
FIRST ASSISTANT DISTRICT ATTORNEY
SMITH COUNTY, TEXAS

### ORDER OF DISMISSAL

On this day came to be considered the Motion to Dismiss of the State's Attorney filed herein, and the Court is satisfied that the reasons so stated are good and sufficient to authorize such dismissal. It is therefore, CONSIDERED, ORDERED, AND ADJUDGED that this criminal action be and is the same dismissed without prejudice.

SIGNED THIS 31st DAY OF October, 2013.

_____
JUDGE PRESIDING

CAUSE NO. 241-1152-13

| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| RICHARD HARTSFIELD | § | SMITH COUNTY, TEXAS |

Possession of Prohibited Weapon

FILED

OIS ROGERS
CLERK 241st JUD DIST COURT, SMITH CO., TX
___ DEPUTY

## MOTION TO DISMISS

Now comes the Criminal District Attorney of Smith County, Texas and asks the Court to dismiss the above entitled and numbered Cause, for the following reason, to-wit:

On October 28, 2013, the defendant was convicted and sentenced to LIFE confinement in the Texas Department of Criminal Justice in cause number 241-1150-13, for the offense of Manufacture/Delivery of Controlled Substance In a Drug Free Zone.

THEREFORE, THE STATE RESPECTFULLY REQUESTS THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE.

_____
ASSISTANT DISTRICT ATTORNEY
OR SMITH COUNTY, TEXAS

_____
FIRST ASSISTANT DISTRICT ATTORNEY
SMITH COUNTY, TEXAS

### ORDER OF DISMISSAL

On this day came to be considered the Motion to Dismiss of the State's Attorney filed herein, and the Court is satisfied that the reasons so stated are good and sufficient to authorize such dismissal. It is therefore, CONSIDERED, ORDERED, AND ADJUDGED that this criminal action be and is the same dismissed without prejudice.

SIGNED THIS 31st DAY OF October , 2013.

_____
JUDGE PRESIDING

CAUSE NO. 241-1151-13

| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| RICHARD HARTSFIELD | § | SMITH COUNTY, TEXAS |

Unlawful Possession of Firearm by Felon

FILED

OCT 31

LOIS ROGERS
CLERK 241st JUD DIST. COURT, SMITH CO., TX
BY_____ DEPUTY

## MOTION TO DISMISS

Now comes the Criminal District Attorney of Smith County, Texas and asks the Court to dismiss the above entitled and numbered Cause, for the following reason, to-wit:

On October 28, 2013, the defendant was convicted and sentenced to LIFE confinement in the Texas Department of Criminal Justice in cause number 241-1150-13, for the offense of Manufacture/Delivery of Controlled Substance In a Drug Free Zone.

THEREFORE, THE STATE RESPECTFULLY REQUESTS THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE.

_____
ASSISTANT DISTRICT ATTORNEY
OR SMITH COUNTY, TEXAS

_____
FIRST ASSISTANT DISTRICT ATTORNEY
SMITH COUNTY, TEXAS

## ORDER OF DISMISSAL

On this day came to be considered the Motion to Dismiss of the State's Attorney filed herein, and the Court is satisfied that the reasons so stated are good and sufficient to authorize such dismissal. It is therefore, CONSIDERED, ORDERED, AND ADJUDGED that this criminal action be and is the same dismissed without prejudice.

SIGNED THIS 31st DAY OF October, 2013.

_____
JUDGE PRESIDING