

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00038-CR
_____

CHRISTOPHER LYNN BRIGHTMON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 08-0281X

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In a single jury trial, Christopher Lynn Brightmon was convicted both for aggravated assault (using a sawed-off shotgun to shoot at Guadalupe Rodriguez) and for possession of a prohibited weapon (the shotgun). *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2) (aggravated assault), 46.05(a)(3) (Vernon Supp. 2008) (possession of a prohibited weapon). The jury assessed punishment at fifteen years' and three years' imprisonment, respectively, to run concurrently.

On appeal, Brightmon argues that the trial court erred by not instructing the jury that the State had abandoned from the indictment "paragraph B," alleging a third offense, deadly conduct. Because the State had abandoned that allegation before argument, the charge submitted to the jury does not contain that allegation. Brightmon argues that, in the absence of a special instruction, the jury might have concluded that one way of committing aggravated assault was to simply discharge a firearm in the direction of another person.

A trial court's charge to the jury must set forth the "law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007). Not only must the trial court fully instruct the jury on the law applicable to the case, but it must also apply that law to the facts presented. *Gray v. State*, 152 S.W.3d 125, 127 (Tex. Crim. App. 2004). The charge must apply the law to the facts adduced at trial because the jury must be instructed under what circumstances to convict or acquit. *Id.* at 127–28; *Holland v. State*, 249 S.W.3d 705, 709 (Tex. App.—Beaumont 2008, no pet.).[1]

---

[1]We recognize that a defendant is entitled, upon a timely request, to an instruction on any defensive theory raised by the evidence, provided that (1) the defendant timely requests an

2

In this case, although the complete indictment was read to the jury before trial, the charge that ultimately went to the jury did not charge the jury on the section of the indictment that was abandoned. Thus, there is no error in the charge as presented to the jury. To counsel's credit, he acknowledges that the charge does not contain error and that trial counsel affirmatively stated "no objection" to the charge in the form submitted to the jury. Brightmon argues that, because the charge failed to explain the absence of paragraph B, the jury may have convicted him of aggravated assault based just on that deadly conduct allegation, which would not have required threat of imminent bodily injury, but only that he discharged the weapon in the direction of the victim. He has provided us with no authority requiring a court to explain why the charge omits an allegation of wrongdoing made in the indictment, and we are aware of none.

At trial, counsel did not object to the charge as given or request a separate instruction. Thus, even if we concluded that the trial court erred in some respect, we must be convinced that the defendant suffered egregious harm before reversal would be appropriate. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).

We assess egregious harm by examining the whole jury charge, the evidence (in light of contested issues and the weight of the probative evidence), the arguments made by the parties, and any other relevant information shown by the trial record. *Warner v. State*, 245 S.W.3d 458, 461

---

instruction on that specific theory, and (2) the evidence raises that issue. *Rogers v. State*, 105 S.W.3d 630, 639 (Tex. Crim. App. 2003); *Peavey v. State*, 248 S.W.3d 455, 464 (Tex. App.—Austin 2008, pet. ref'd). In this case, the instruction now contemplated does not involve a defensive theory, but an explanation of the absence of a formerly alleged crime from the charge.

3

(Tex. Crim. App. 2008). For harm to be egregious, it must be actual (not just theoretical) harm and must affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory. *Id.* at 461–62.

Brightmon attempts to show error in a separate fashion by arguing that, because the record shows the jury was given the impression that he could be guilty of aggravated assault without evidence of a threat of imminent bodily injury, the absence of explanation caused egregious harm. Brightmon relies on *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006), to make his argument.

In *Sanchez*, the Texas Court of Criminal Appeals ultimately found both error and egregious harm because the jury was instructed in such a way "that it was not required to find at least two elements of the offense . . . to be proven beyond a reasonable doubt prior to convicting the appellant." *Id.* at 125.

We do not find Brightmon's argument persuasive. In this case, the jury was properly instructed in the charge that it could find Brightmon guilty only if it concluded beyond a reasonable doubt that he had committed each element of aggravated assault. This differs from the situation described in *Sanchez*, where the charge instructs the jury that it could find a defendant guilty of an offense, but then omits a necessary element of the offense from the charge. In either situation, the question is whether the jury followed the charge as given by the court. In *Sanchez*, if the jury did so, it could convict without finding that he had committed elements of the offense.

We generally presume the jury follows the trial court's instructions. *Renteria v. State*, 206 S.W.3d 689, 707 (Tex. Crim. App. 2006); *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998); *Williams v. State*, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996) (jury presumed to follow court's instructions as given); *Loun v. State*, 273 S.W.3d 406, 421 n.21 (Tex. App.—Texarkana 2008, no pet.). As stated in *Colburn*, the presumption is rebuttable, but the appellant has pointed to no evidence in rebuttal. Our review of this record reveals nothing other than speculation and argument of counsel to suggest that the jurors did other than as they were instructed to do. Under these facts, we presume the jury followed the trial court's instructions.

No error has been shown. Even if the absence of an explanatory instruction was error, egregious harm has not been demonstrated.

We affirm the judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:     June 12, 2009
Date Decided:       July 9, 2009

Do Not Publish

5