**Opinion issued October 4, 2012.**



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-11-00728-CR

————————————

**ANGEL ALEJANDRO CARDENAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1313708**

---

## MEMORANDUM OPINION

A jury found appellant, Angel Alejandro Cardenas, guilty of theft of property valued of under $1,500-third offender, assessed punishment at two years' confinement, and assessed a fine of $2,500. *See* TEX. PENAL CODE ANN. § 31.03

(Vernon Supp. 2011). Appellant contends the application paragraph of the jury charge resulted in an egregious harm because the term "unlawfully" did not immediately precede the term "appropriate" as does in the penal statute. We affirm.

## BACKGROUND

At about 8 a.m. Saturday, January 15, 2011, Charles Wayne Carter drove by his business property on his way to the gas station to make sure the gate was closed. As Carter was leaving the gas station, he noticed two trucks and three unknown men enter his gated property, so he called the police. Officer Martinez responded to the call and arrived shortly thereafter.

When Officer Martinez arrived, he met with Carter and noticed a combination lock on the closed gate. Carter testified that he used a key lock on the gate, not a combination lock. Carter also told Officer Martinez that he had not given anyone permission to enter his property and load up the tractors.

As Officer Martinez was waiting for other officers to arrive at the property, he walked towards the back of the property and saw a passenger sitting in one truck and two men walking around the trailer with a tractor loaded on it. He took all three men into custody. Officer Martinez identified appellant as one of the three men he arrested.

2

Appellant told Officer Martinez that he met an unknown man at another scrap metal place and was told to enter Carter's business property and load the tractor in exchange for $150. According to appellant, the unknown man was the one who removed the lock from the gate. Appellant also told Officer Martinez he intended to sell the tractors for scrap and gave no information about the unknown man, except how appellant met the man at another scrap metal place.

## CHARGE ERROR

In appellant's sole point of error, he argues that the jury charge was erroneous because the application paragraph allowed the jury to return a guilty verdict without first determining whether appellant "unlawfully appropriated" property. The application paragraph of the jury charge in this case provided in part:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 15th day of January, 2011, in Harris County, Texas, the defendant, Angel Alejandro Cardenas, ***did then and there unlawfully, commit an offense*** hereafter styled the primary offense in that ***he did appropriate by acquiring or otherwise exercising control over property***, namely, tractor, owned by Charles Carter, of the value of under one thousand five hundred dollars, with the intent to deprive Charles Carter of the property . . . then you will find the defendant guilty of theft of property of the value of under one thousand five hundred dollars-third offender, as charged in the indictment.

*Applicable Law and Standard of Review*

The Texas Code of Criminal Procedure requires the jury charge to be "a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007). A jury charge is adequate if it "contains an application paragraph that authorizes a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers, or contains some logically consistent combination of such paragraphs." *Wingo v. State*, 143 S.W.3d 178, 190 (Tex. App.—San Antonio 2004, *aff'd*, 189 S.W.3d 270 (Tex. Crim. App. 2006).

A claim of jury charge error is first reviewed (1) for error and then (2) for harm to determine if the error is reversible. *Saldana v. State*, 287 S.W.3d 43, 52 (Tex. App.—Corpus Christi 2008, pet. ref'd); TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 2006). To reverse a jury charge error, there must be some harm to the appellant if the error was brought to the trial court's attention; however, "unobjected-to error calls for reversal only if it was so egregious as to deprive the appellant of a fair and impartial trial." *Holland v. State*, 249 S.W.3d 705, 709 (Tex. App.—Beaumont 2008, no pet.). An egregious harm is defined to be the type and

level of harm that affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008). In determining whether harm is egregious, the degree of harm must be assessed in light of (1) the entire jury charge; (2) the state of the evidence; and (3) the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

***Error Analysis***

The purpose of a jury charge is to "instruct the jury on the law applicable to the case." *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995). Since the charge is how the jury convicts, the charge "must contain an accurate statement of the law and must set out all the essential elements of the offense." *Id.* Additionally, abstract paragraphs are a glossary "to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge." *Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997). Moreover, when reviewing a charge for error, the court must examine the charge as a whole. *Dinkins*, 894 S.W.2d at 339.

Appellant here contends the application paragraph required only that the jury find that he appropriated property, instead of requiring a finding that he *unlawfully*

5

appropriated property. However, the offense of theft of property is otherwise defined in the jury charge as follows: "A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property." *See* TEX. PENAL CODE ANN. § 31.03(a) (Vernon 2011). Moreover, the jury charge also defined "appropriation" as unlawful "if it is without the owner's effective consent." *See* TEX. PENAL CODE ANN. § 31.03(b) (Vernon Supp. 2011). Additionally, the application paragraph actually uses the terms "unlawful" and "appropriate" in the same sentence. The jury charge taken as a whole and using the abstract portions of the charge as a glossary, defines and applies the definition of theft to the facts of the case, including the terms "unlawfully" and "appropriate." *See Plata*, 926 S.W.2d at 302.

In a similar case, the indictment alleged the appellant did "unlawfully commit an offense hereafter styled the primary offense in that he did appropriate. . . ." and this Court held the language of the indictment was sufficient to allege the appellant unlawfully appropriated property. *Lyles v. State*, No. 01-92-00817-CR, 1993 WL 143375, at *3 (Tex. App.—Houston [1st Dist.] May 6, 1993, writ ref'd) (not designated for publication). The application paragraph of the present case has similar language to the indictment in *Lyles*; taken as a whole, it adequately instructed the jury. As the court in *Mouton v. State* stated, "the jury instructions are sufficient if 'theft' is either defined in the abstract portion of the instructions, or

6

the essential elements of 'theft' are set out in the application paragraph of the instructions." 892 S.W.2d 234, 237 (Tex. App.—Beaumont 1995, writ ref'd).

Because we hold that the jury charge sufficiently defines theft, we need not conduct a harm analysis.

## CONCLUSION

We overrule appellant's sole point of error and affirm the judgment of the trial court.


Sherry Radack
Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).