**Ex parte Adolphus Quinn PETTY.**

No. 71467.

Court of Criminal Appeals of Texas, En Banc.

June 24, 1992.

Charmaine R. Bissell, Huntsville, for appellant.

Tim Curry, Dist. Atty., John A. Stride, Asst. Dist. Atty., Fort Worth, and Robert Huttash, State's Atty., Austin, for the State.

OPINION

CAMPBELL, Judge.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P., in which Applicant challenges an affirmative finding that he used a deadly weapon based solely on his unlawful possession of a handgun.

On October 12, 1990, Applicant pled guilty to unlawful possession of a firearm by a felon and punishment was assessed at confinement for six years in the Texas Department of Criminal Justice, Institutional Division. The trial court entered an affirmative finding that the Applicant used or exhibited a deadly weapon, to-wit, "A Firearm," during the commission of the offense or during immediate flight therefrom. This affirmative finding was based solely on Applicant's unlawful possession of a handgun, the only offense with which Applicant was charged.

Applicant contends that under Art. 42.12, § 3g(a)(2), V.A.C.C.P., a felon's possession of a deadly weapon does not, by itself, constitute "use" during the commission of the felony offense of unlawfully possessing a deadly weapon.

This Court has interpreted "use" of a deadly weapon in the context of Art. 42.12, § 3g(a)(2) to include simple possession if such possession facilitates the *associated* felony. *Patterson v. State*, 769 S.W.2d 938 (Tex.Cr.App.1989). Therefore, in order to "use" a deadly weapon for affirmative finding purposes, the weapon must be utilized to achieve an intended result, namely, the commission of a felony offense separate and distinct from "mere" possession. See Art. 42.12, § 3g(a)(2) *Patterson.* supra.

In *Patterson*, we determined that the weapon was "used" to protect drugs. In the present case, the weapon was not "used" in furtherance of any collateral felony. Thus, because there was no associated felony facilitated by the Applicant's pos-

session of the deadly weapon, the holding in *Patterson* dictates that the affirmative finding of the use of a deadly weapon was error.

Accordingly, the relief sought is granted. The judgment in Cause No. 0400724D in the 297th District Court of Tarrant County, styled The State of Texas v. Adolphus Quinn Petty is reformed to delete the following language:

> The COURT Affirmatively Finds That The Defendant Used Or Exhibited A Deadly Weapon, To–Wit, A Firearm, During The Commission Of The Offense Or During Immediate Flight Therefrom.

All other relief is denied. Copies of this opinion will be sent to the Texas Department of Criminal Justice, Institutional Division and Board of Pardons Division.

WHITE, J., concurs in result.

OVERSTREET, Judge, dissenting.

For the reasons expressed in my dissenting opinion of Kenneth Elwood Narron, Jr., this day decided, I dissent.