IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,787-01






EX PARTE LEWIS FISHER, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. W05-51090-H(A)


IN THE CRIMINAL DISTRICT COURT NO. 1 OF DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful possession of a firearm
by a felon and in accordance with a plea agreement he was sentenced to five (5) years' imprisonment. No
direct appeals were taken.

 Applicant contends, among other things, that the judgment in this case includes an affirmative deadly
weapon finding. 


 Applicant has alleged facts that, if true, might entitle him to relief. See Ex parte Petty, 833 S.W.2d
145 (Tex. Crim. App. 1992). As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall make a finding
as to whether the judgment included an affirmative finding of a deadly weapon and whether this was a
clerical error that has been corrected by a nunc pro tunc judgment. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on
court records. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make a finding of fact as to whether the initial judgment included an affirmative
finding of a deadly weapon and whether a judgment nunc pro tunc has been entered and forwarded to the
Texas Department of Criminal Justice - Correctional Institutions Division. The trial court may also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing copies of the initial
judgment and the nunc pro tunc judgment, the plea papers, all affidavits and interrogatories or the
transcription of the court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. Any extensions of time shall be obtained from this Court. 

Filed: June 20, 2007

Do not publish