Ricko Deshawn HOLLAND, Appellant

v.

The STATE of Texas, Appellee.

No. 09–07–101 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 7, 2007.

Decided March 12, 2008.

David W. Barlow, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Ann Manes, Asst. Crim. Dist. Atty., Beaumont, for state.

Before MCKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

CHARLES KREGER, Justice.

A jury convicted Ricko Deshawn Holland of aggravated assault. The trial court sentenced him to ten years in the Texas Department of Criminal Justice—Institutional Division and assessed a fine of $10,000. Holland appeals.

Holland contends the trial court committed reversible error by giving the jury a definition of reasonable doubt during the trial court's opening remarks. After the jury was sworn, but prior to Holland's plea and before counsels' opening statements, the court addressed the jurors and provided these instructions:

> You were provided a couple of issues of the law today, and I want to go over some of the more important ones. The burden of proof in this case rests solely on the State of Texas throughout this trial. Never at any time does it shift to the defendant. The State of Texas must prove each and every element of the offense beyond a reasonable doubt. . . .
>
> A reasonable doubt is a doubt based on reason and common sense after a careful and impartial consideration of all of the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate—

Holland's attorney interrupted, objecting to the Court's providing the jury with a definition of reasonable doubt. The trial court overruled the objection and then proceeded to define reasonable doubt as "the kind of doubt that would make a reasonable person hesitate to act in the most important of his or her own affairs." After opening statements, but prior to the presentation of evidence, the trial court addressed the jury again and stated that although the trial court had provided the jury a definition of reasonable doubt earlier that morning, the "better practice is to give no definition of reasonable doubt at all to a jury." The trial court explained that "the definition of reasonable doubt will be something that will be best left to your common sense." The trial court clarified that the jurors should disregard the earlier instruction as to reasonable doubt and instructed the jury to use their common sense in determining the definition of rea-

sonable doubt. Holland then moved for a mistrial, which the trial court overruled. The written jury charge contained no definition of reasonable doubt.

Holland argues that under *Paulson v. State*, 28 S.W.3d 570 (Tex.Crim.App.2000), the trial court committed reversible error by providing the jury with an oral definition of reasonable doubt when there was no agreement between Holland and the State to include the definition.[1] In *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App. 1991), the Texas Court of Criminal Appeals held that trial courts must define reasonable doubt in their jury charges. *Id.* at 162. The Texas Court of Criminal Appeals then held in *Reyes v. State*, 938 S.W.2d 718 (Tex.Crim.App.1996), that the failure to submit the *Geesa* instruction to the jury constituted "automatic reversible error." *Id.* at 720–21. *Paulson* specifically overruled *Reyes* and the portion of *Geesa* requiring trial courts to instruct juries on the definition of reasonable doubt. *Paulson*, 28 S.W.3d at 573. The Court concluded that "the better practice is to give no definition of reasonable doubt at all" and that "if both the State and the defense were to agree to give the *Geesa* instruction to the jury, it would not constitute reversible error for the trial court to acquiesce to their agreement." *Id.* Appellant's reliance upon *Paulson* in this instance is misplaced. We do not read *Paulson* to hold that giving the instruction, in the absence of an agreement between the State and the defense, would constitute reversible error. *See O'Canas v. State*, 140 S.W.3d 695, 699–702 (Tex.App.-Dallas 2003, pet. ref'd); *Jackson v. State*, 105 S.W.3d 321, 325 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd). While the Court of Criminal Appeals found the better practice is to give no definition of reasonable doubt

at all to the jury, we find no support for appellant's contention that such definition has been "specifically and expressly forbidden by the Court of Criminal Appeals." *See Jackson*, 105 S.W.3d at 325; *Brown v. State*, 91 S.W.3d 353, 358 (Tex.App.-Eastland 2002, no pet.); *Dooley v. State*, 65 S.W.3d 840, 843–44 (Tex.App.-Dallas 2002, pet. ref'd); *but see Rodriguez v. State*, 96 S.W.3d 398, 399–405 (Tex.App.-Austin 2002, pet. ref'd); *Phillips v. State*, 72 S.W.3d 719, 720–21 (Tex.App.-Waco 2002, no pet.). In fact, the *Paulson* court opined that "[i]f a conscientious juror reads the *Geesa* charge and follows it literally, he or she will never convict anyone." *Paulson*, 28 S.W.3d at 572. "[T]o convict, a juror must either ignore the definition, refuse to follow it, or stretch it to say something it does not say." *Id.*

*Paulson* is further distinguishable from the facts of this case. Here, the only time the trial court provided a definition of reasonable doubt to the jury was during the court's oral comments to the jury prior to opening statements. Before the presentation of evidence, the trial court orally instructed the jury to disregard the earlier-provided definition of reasonable doubt and to use common sense in determining the definition. An instruction to disregard ordinarily cures error. *See generally Ovalle v. State*, 13 S.W.3d 774, 783 (Tex.Crim.App.2000)(instruction to disregard generally cures error associated with improper question and answer). On appeal, we generally presume the jury followed the trial court's instructions in the manner presented. *Colburn v. State*, 966 S.W.2d 511, 520 (Tex.Crim.App.1998). Holland has provided no rebuttal evidence to the presumption; we presume the jury did not consider the withdrawn definition of reasonable doubt in reaching its verdict

---

1. Holland does not argue on appeal that the trial court's definition tainted the presumption of innocence. *Cf. Blue v. State*, 41 S.W.3d 129, 130–33 (Tex.Crim.App.2000).

and no written definition was included in the court's charge to the jury. Holland's first issue is overruled.

██ Second, Holland argues that although he requested and received a jury instruction concerning self-defense in the abstract portion of the charge, the trial court erred in omitting the instruction in the application portion of the charge over appellant's objection. The court's instructions and charge included the following:

Upon the law of self-defense, you are instructed that a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other person's use or attempted use of unlawful force. A person is under no obligation to retreat to avoid the necessity of repelling or defending, with force less than deadly, against an attack or threatened attack.

. . . .

Now if you find from the evidence beyond a reasonable doubt that on the occasion in question the defendant did shoot Curtis Bryan Everett, the complainant, but you further find from the evidence, or you have a reasonable doubt thereof, that viewed from the standpoint of the defendant at the time, from the words or conduct, or both, of the complainant, it reasonably appeared to the defendant that his person was in danger of bodily injury and there was created in his mind a reasonable expectation or fear of bodily injury from the use of unlawful force at the hands of complainant, and that acting under such apprehension and reasonably believing that the use of force on his part was immediately necessary to protect himself against complainant's use or attempted use of unlawful force, the defendant shot complainant to defend

himself, then you will acquit the defendant, or, if you have a reasonable doubt as to whether or not the defendant was acting in self-defense on said occasion and under said circumstances, then you should give the defendant the benefit of that doubt and say by your verdict not guilty.

**CHARGE:**

Now, in light of the law on self[-]defense as instructed herein, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas, on or about May 22, 2004, the defendant Ricko Deshawn Holland, did then and there intentionally or knowingly or recklessly cause bodily injury to Curtis Bryan Everett, hereinafter styled the Complainant, by the use of a deadly weapon, namely, a firearm, by shooting complainant with the firearm, you shall find the defendant GUILTY of the offense of aggravated assault.

Unless you so find, or if you have a reasonable doubt thereof, you shall find the defendant NOT GUILTY.

██ Section 2.03(d) of the Texas Penal Code states that "[i]f the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted." TEX. PEN.CODE ANN. § 2.03(d) (Vernon 2003). A trial court's charge to the jury must set forth the "law applicable to the case." TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007). Not only must the trial court fully instruct the jury on the law applicable to the case, but it must also apply that law to the facts presented. *Gray v. State*, 152 S.W.3d 125, 127 (Tex.Crim.App.2004) (citing *Jackson v. State*, 633 S.W.2d 897, 899 (Tex.Crim.App. 1982)). The charge must apply the law to the facts adduced at trial because the jury must be instructed under what circumstances to convict or acquit. *Gray*, 152

S.W.3d at 127–28. A jury charge which fails to apply the law to the facts adduced at trial is erroneous. *Id.* at 128. Jury charge error brought to the trial court's attention must be reversed if there was some harm to the appellant, but unobjected-to error calls for reversal only if it was so egregious as to deprive the appellant of a fair and impartial trial. *See Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984)(interpreting article 36.19 of the Code of Criminal Procedure); *see also Herron v. State,* 86 S.W.3d 621, 632 (Tex.Crim.App.2002).

 Holland objected at trial to the court's insertion of the words "in light of the law on self[-]defense, as instructed herein," and argued that the statement would cause confusion. Holland requested that the law on self-defense be incorporated as part of the charge and not just in the instructions immediately preceding the charge. On appeal, Holland argues the charge does not apply the law to the facts in that it does not require the state to disprove self-defense beyond a reasonable doubt before allowing the jury to convict appellant. The State does not have to affirmatively produce evidence refuting a self-defense claim, but must prove its case beyond a reasonable doubt. *Saxton v. State,* 804 S.W.2d 910, 913 (Tex.Crim.App. 1991). The instructions here explain the law of self-defense and apply the law to the facts by explaining under what circumstances the jury should convict or acquit. *See generally Gray,* 152 S.W.3d at 127–28. An application paragraph applying the law to the facts is adequate if (1) it specifies all of the conditions to be met before a conviction under the particular theory is authorized; (2) it authorizes a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers; or (3) it contains some logically consistent combination of such paragraphs. *See Degrate v. State,* 86 S.W.3d 751, 753 (Tex.App.-Waco 2002, pet. ref'd). It is unnecessary to repeat every abstract definition in the application paragraph of the jury charge. *See generally Jones v. State,* 907 S.W.2d 850, 854 (Tex.App.-Houston [1st Dist.] 1995, pet. ref'd). The words "in light of the law on self[-]defense, as instructed herein" clearly incorporate those instructions into the application paragraph. Absent evidence to the contrary, we must presume the jury followed and understood the instructions. *See Stokes v. State,* 74 S.W.3d 48, 51 (Tex.App.-Texarkana 2002, pet. ref'd) (citing *Hutch v. State,* 922 S.W.2d 166, 172 (Tex.Crim.App.1996)). Holland's second issue is overruled. The trial court's judgment is affirmed.

AFFIRMED.