IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-24,927-71






EX PARTE TODD WARREN ALTSCHUL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 26673-M IN THE 23RD DISTRICT COURT


FROM BRAZORIA COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possessing or
concealing a deadly weapon in a penal institution and sentenced to twenty years' imprisonment. 

 Applicant contends that after the Board of Pardons and Paroles denied him parole for this
offense on May 16, 2012, it improperly set-off his next parole review date for two years. He argues
that his next review date should be one year from the date of the denial. According to the
Administrative Code:

 A case reviewed by a parole panel for parole consideration may be ...denied a
favorable parole action ... and set for review on a future specific month and year
(Set-Off). The next review date (Month/Year) for an offender serving a sentence
listed in § 508.149(a), Government Code, may be set at any date after the first
anniversary of the date of denial and end before the fifth anniversary of the date of
denial. The next review date for an offender serving a sentence not listed in §
508.149(a), Government Code, shall be as soon as practicable after the first
anniversary of the denial .... 


37 Tex. Admin. Code § 145.12. 

 Applicant's conviction is not for an offense listed in Section 508.149(a), and there is not an
affirmative deadly weapon finding on the judgment. See Patterson v. State, 769 S.W.2d 938 (Tex.
Crim. App. 1989); Ex parte Petty, 833 S.W.2d 145 (Tex. Crim. App. 1992); Tex. Code Crim. Proc.
art. 42.12.§3g(a)(2). Applicant has alleged facts that, if true, might entitle him to relief. Ex parte
Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Board of Pardons and Paroles to file an affidavit
indicating its reason(s) for placing the two-year set-off. The trial court may also order depositions,
interrogatories or a hearing. In the appropriate case, the trial court may also rely on its personal
recollection. Id. If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether the two-year
set-off in Applicant's case is in accordance with the applicable rules and whether it is proper, and
the trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: April 10, 2013

Do not publish