

# NUMBER 13-24-00083-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**SHAWN ELLIOTT CRAWFORD,**                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

---

## ON APPEAL FROM THE 20TH DISTRICT COURT
## OF MILAM COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Longoria**

Appellant Shawn Elliott Crawford was found guilty by a jury for unlawful possession of a firearm by a felon, a third-degree felony. *See* TEX. PENAL CODE ANN. § 46.04(a), (e). The jury also found the State's enhancement allegation true and assessed punishment at eighty months' imprisonment. *See id.* § 12.42(a). The trial court entered judgment on the verdict, which included a deadly weapon finding and required Crawford to pay court

costs and fees. By four issues, Crawford argues that (1) the trial court erred in entering a deadly weapon finding, (2) the judgment does not accurately reflect the degree of offense of which he was found guilty, (3) the reimbursement fee ordered in the judgment is not supported by the record, and (4) the trial court erred in ordering Crawford to pay court costs and fees. We affirm the judgment as modified.

## I. BACKGROUND[1, 2]

Crawford was indicted by a grand jury for unlawful possession of a firearm by a felon. He was found indigent and appointed counsel for trial. The indictment contained no enhancement allegations. On August 26, 2022, the State filed its "Amended Notice to Enhance Punishment," which alleged that Crawford had previously been convicted of unlawful possession of a firearm by a felon and sought to enhance Crawford's applicable punishment range to that of a second-degree felony. *See id.* § 12.42(a).

A jury found Crawford guilty on October 11, 2023. The following day, during the punishment phase, the State read its enhancement allegation to which Crawford pleaded true. The jury found the State's enhancement allegation true and assessed punishment at eighty months' imprisonment. Thereafter, the trial court sentenced Crawford in open court and announced that it had assessed $305 in court costs. The trial court then addressed the parties and asked, "[A]nything else at this time?" The parties both

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. Because this is a transfer case, we apply the precedent of the Third Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

[2] We limit our recitation of this case's background to that which is necessary to resolve the issues presented on appeal. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

2

responded, "[n]othing further."

On that same day, the trial court signed and entered its "Order to Withhold Funds from Inmate's Trust Account," finding that Crawford had not paid the costs, fines, or other fees assessed in his sentence, the total of which was $305, and ordered that payment be made out of Crawford's inmate trust account. Additionally, a "Bill of Fine(s), Court Cost and Reimbursement Fees" was filed into the case and signed by the District Clerk of Milam County, which indicated that Crawford accrued a "Total Felony District Court Cost" of $290 and, under "Reimbursement Fees," a "Visual Recording Device Fee" of $15.

On October 23, 2023, Crawford filed a motion for new trial. On October 24, 2023, the trial court signed and entered the written judgment of conviction as well as its order denying Crawford's motion for new trial. This appeal ensued.

## II.    DEADLY WEAPON FINDING

In his first issue, Crawford argues that the trial court erred in entering a deadly weapon finding in the judgment. Under "Findings on Deadly Weapon," the judgment states "YES, A FIREARM."

"Deadly weapon" is defined as, among other things, "a firearm." *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(A)–(B). A trial court is required to enter a jury's affirmative deadly weapon finding in the judgment. *See* TEX. CODE CRIM. PROC. ANN. arts. 42.01, § 1(21), 42A.054(c), (d). "[T]he term 'affirmative finding' means the trier of fact's *express* determination that a deadly weapon or firearm was actually used or exhibited during the commission of the offense." *Duran v. State*, 492 S.W.3d 741, 746 (Tex. Crim. App. 2016) (citing *Polk v. State*, 693 S.W.2d 391, 393 (Tex. Crim. App. 1985)).

3

We cannot uphold the affirmative finding of a deadly weapon in this case. The Texas Court of Criminal Appeals has held that the offense of possession of a firearm by a felon cannot support a deadly-weapon finding when the firearm was not used "to achieve an intended result, namely, the commission of a felony offense separate and distinct from 'mere' possession." *Ex parte Petty*, 833 S.W.2d 145 (Tex. Crim. App. 1992). Citing to *Ex parte Petty*, the State concedes error, stating that "a [d]eadly [w]eapon finding would not be appropriate for the charge[] tried in this case," and suggests that the finding was "a drafting error." We agree and note that nothing in the record indicates that the firearm involved in this case was "used" in furtherance of any collateral felony. *See id.* Under these circumstances, we conclude that the trial court erred in entering an affirmative deadly weapon finding in the judgment. We sustain Crawford's first issue.

### III. DEGREE OF OFFENSE

In his second issue, Crawford argues, and the State concedes, that the judgment of conviction does not accurately reflect the degree of offense for which he was tried and convicted. We agree.

The judgment of conviction states that the "Degree of Offense" is a "2ND DEGREE FELONY." Crawford was indicted and found guilty of unlawful possession of a firearm by a felon, a third-degree felony. *See* TEX. PENAL CODE ANN. § 46.04(a), (e). Crawford pleaded true to the State's enhancement allegation that he had previously been convicted of a prior felony offense, resulting in Crawford being punished as a repeat offender with the applicable punishment range of a second-degree felony. *See id.* § 12.42(a) (providing that, absent exceptions not applicable here, a defendant shall be punished for a felony of the second degree "if it is shown on the trial of a felony of the third degree that the

4

defendant has previously been finally convicted of a felony other than a state jail felony");
*see also Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011) (noting the Texas Court of Criminal Appeals' prior recognition "that [§] 12.42 increases the range of punishment applicable to the primary offense; it does not increase the severity level or grade of the primary offense"); *Ex parte Reinke*, 370 S.W.3d 387, 389 (Tex. Crim. App. 2012) (drawing a distinction between "enhancing the level of an offense and enhancing the level of punishment"). Thus, the judgment of conviction's statement that the offense of conviction is a second-degree felony is erroneous and should instead reflect that Crawford was convicted of a third-degree felony. We sustain Crawford's second issue.

## IV. REIMBURSEMENT FEE AND COURT COSTS

In his third issue, Crawford argues that the trial court's imposition of a reimbursement fee is not supported by the record. In his fourth issue, Crawford argues the trial court erred in ordering Crawford to pay court costs when it failed to conduct an inquiry regarding his ability to pay them. We address these issues together.

### A. Standard of Review & Applicable Law

The Texas Code of Criminal Procedure requires that a convicted defendant pay fines and court costs. *See* TEX. CODE CRIM. PROC. ANN. arts. 42.15, 42.16; *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Article 42.15 of the Texas Code of Criminal Procedure provides, in relevant part, as follows:

> (a-1) Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), *a court shall inquire on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. . . .

5

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (emphasis added).

Court costs do not constitute a part of the guilt or sentencing of a criminal defendant; they are "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson*, 423 S.W.3d at 390 (citation omitted); *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011). "Only statutorily authorized court costs may be assessed against a criminal defendant . . . ." *Johnson*, 423 S.W.3d at 389 (citing TEX. CODE CRIM. PROC. ANN. art. 103.002 ("An officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law.")). The district court clerk must keep a record of each fee or item of cost charged for a service rendered in a criminal action or proceeding. TEX. CODE CRIM. PROC. ANN. art. 103.009(a)(1). If a criminal action is appealed, the district court clerk must certify and sign a bill of costs and send it to the appellate court. *Id.* art. 103.006. "Court costs listed in a certified bill of costs need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Johnson*, 423 S.W.3d at 389.

We review a trial court's directive requiring the payment of a fine and court costs for an abuse of discretion. *Sloan v. State*, 676 S.W.3d 240, 241 (Tex. App.—Tyler 2023, no pet.); *see also Carradine v. State*, No. 03-24-00012-CR, 2024 WL 3731846, *8 (Tex. App.—Austin, Aug. 9, 2024, no pet. h.) (mem. op., not designated for publication). In addition, we review the assessment of court costs to determine whether there is a basis for the cost; we do not apply an evidentiary-sufficiency review. *Johnson*, 423 S.W.3d at 390; *see Cardenas v. State*, 423 S.W.3d 396, 398 (Tex. Crim. App. 2014). An appellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal. *Johnson*, 423 S.W.3d at 391.

6

Here, the trial court's judgment imposed $305 in court costs. The "Bill of Fine(s), Court Costs and Reimbursement Fees" indicates that Crawford accrued a "Total Felony District Court Cost" of $290 and, under "Reimbursement Fees," a "Visual Recording Device Fee" of $15.

B.    **Discussion**

1.    **Visual Recording Device Fee**

In his third issue, Crawford argues, and the State concedes, that the trial court lacked any basis to impose the $15 visual recording device fee. We agree.

Article 102.018 of the Texas Code of Criminal Procedure, entitled "Reimbursement Fees and Expenses Attendant to Intoxication Convictions," requires the trial court to impose a $15 reimbursement fee on defendants convicted of driving while intoxicated if law enforcement visually recorded the defendant with an electronic device after the defendant's arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 102.018; TEX. PENAL CODE ANN. § 49.04 (driving while intoxicated).

Though the record indicates that Crawford was visually recorded during a traffic stop, he was not convicted of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04. Therefore, there was no basis by which the trial court could impose a visual recording device fee pursuant to article 102.018. *See* TEX. CODE CRIM. PROC. ANN. art. 102.018; *see also Johnson*, 423 S.W.3d at 390; *Cardenas*, 423 S.W.3d at 398. Furthermore, we have found no other provision in the Texas Code of Criminal Procedure that requires the trial court to impose a $15 "visual recording device fee." We sustain Crawford's third issue.

## 2.    Imposing Court Costs Without Conducting Ability-to-Pay Inquiry

In this fourth issue, Crawford argues, and the State concedes, that the trial court abused its discretion in imposing court costs in the judgment without first conducting an on-the-record inquiry regarding his ability to pay costs as required by Article 42.15(a-1). *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1). Citing to *Cruz v. State*, 694 S.W.3d 1 (Tex. App.—Houston [14th Dist.] 2023), *aff'd*, ___ S.W.3d ___, 2024 WL 4031525, *2–6 (Tex. Crim. App. Sept. 4, 2024), Crawford argues that the ability-to-pay inquiry is a category-two *Marin* right and must be affirmatively waived. *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). The parties both suggest that we either remand this case to the trial court to conduct an on-the-record ability-to-pay inquiry, or vacate the court costs in the judgment. We disagree.

The Texas criminal adjudicatory system contains error-preservation "rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request." *Id.* The Texas Court of Criminal Appeals has "since referred to these separate classifications as category-one, -two, and -three *Marin* rights, respectively," and has explained that:

> [P]rocedural default—that is, "the loss of a claim or right for failure to insist upon it by objection"—"only applies to the last category," since these rights are typically considered to be "optional with the litigants." [*Marin*, 851 S.W.2d at 279.] On the other hand, category-two rights, because they are "so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection," are only abandoned on appeal when the record reflects that they have been "plainly, freely, and intelligently" waived at trial. [*Id.* at 279–80.] And category-one rights, being "systemic" and therefore "essentially independent of the litigants' wishes" can neither be forfeited nor even validly waived by the parties for appellate-review purposes. [*Id.* at 279.]

*Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017). Since the parties briefing, the Texas Court of Criminal Appeals affirmed the *Cruz* court's judgment on narrow grounds, and explained that an ability-to-pay inquiry pursuant to Article 42.15(a-1) was not a category-two *Marin* right, but instead, a forfeitable, category-three *Marin* right:

> An ability-to-pay inquiry is not fundamental to the adjudicatory system; it is a post-trial procedure that has nothing to do with adjudication; it does not ensure a jury, a fair trial, a correctly informed sentencing judge, or a defendant's ability to understand the proceedings against him. It does not implicate "the integrity of judicial sentencing proceedings" or "the criminal adjudicatory process[.]" *See Grado* [*v. State*], 445 S.W.3d [736,] 741 [(Tex. Crim. App. 2014)] (referencing judicial sentencing); *see Proenza*, 541 S.W.3d at 798 (referencing the criminal adjudicatory process). Requesting it would not likely be futile, and its post-trial timing forecloses the possibility that asking for it would expose the jury to the judge's bias. *See Proenza*, 541 S.W.3d at 799. Requiring an objection to enforce it would not undermine "the public's perception of the fairness of our judicial system" or engender "suspicions" about the system's "fairness and accuracy." *See Grado*, 445 S.W.3d at 741. In short, an ability-to-pay inquiry made during or right after sentencing bears no consequence to the adjudicatory process.

*Cruz*, ___ S.W.3d at ___, 2024 WL 4031525, *3.[3]

We are bound by the Texas Court of Criminal Appeal's decision in *Cruz.* Here, Crawford forfeited his right to an ability-to-pay inquiry on the record by failing to object and therefore failed to preserve error. *See id.*; TEX. R. APP. P. 33.1. We therefore decline the parties' invitation to waive his court costs or remand to the trial court to conduct the Article 42.15 ability-to-pay inquiry.[4] We overrule Crawford's fourth issue.

---

[3] The Texas Court of Criminal Appeals then went on to explain why "missing out on [an ability-to-pay inquiry] would not doom a defendant to undue hardship." *Id.*

[4] We also decline Crawford's requested remedy for his fourth issue suggesting that we order "any funds already garnished from [Crawford's] inmate trust account be immediately returned to him via check through TDCJ."

## V. MODIFICATION OF WRITTEN JUDGMENT

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Likewise, an appellate court has authority on direct appeal to modify a bill of costs independent of finding an error in the trial court's judgment. *Bryant v. State*, 642 S.W.3d 847, 850 (Tex. Crim. App. 2021).

Having sustained Crawford's first, second, and third issues, we modify the judgment of conviction by: replacing the notation "2ND DEGREE FELONY" under the heading "Degree of Offense" with the notation "3RD DEGREE FELONY"; replacing the words "YES, A FIREARM" under the heading "Findings on Deadly Weapon" with the notation "N/A"; and replacing the notation "$15" under the heading "Reimbursement Fees" with the notation "N/A." We also modify the "Bill of Fine(s), Court Cost and Reimbursement Fees" by: replacing the hand-written notation "15.00" in the fill-in-the-blank space next to the type-written dollar sign following the line item, "Visual Recording Device Fee," with the notation "N/A"; and by replacing the hand-written notation "305.00" in the fill-in-the-blank space next to the type-written dollar sign following the line item, "TOTAL DUE FOR ALL COSTS, FINES, FEES and RESTITUTION," with the notation "290.00." We likewise modify the trial court's "Order to Withhold Funds from Inmate's Trust Account" incorporated into the judgment by replacing the hand-written notation "305.00" in the fill-in-the-blank space following the type-written statement, "The total amount of fines and fees accrued in this case is $," with the notation "290.00."

10

## VI.     CONCLUSION

We affirm the trial court's judgment as modified.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
26th day of September, 2024.

11