

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00151-CR

---

NATHAN GENE COLLINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 083186-D-CR, Honorable Steven Denny, Presiding

---

April 29, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Nathan Collins, was convicted by a jury of unlawful possession of a firearm.[1] The jury found the deadly weapon allegation and the enhancement allegations to be true and assessed punishment at twenty-five years' confinement in the Texas Department of Criminal Justice. Through a single issue, Appellant challenges the trial court's entry of an affirmative deadly weapon finding. We affirm.

---

[1] TEX. PENAL CODE ANN. § 46.04.

**BACKGROUND**

Appellant does not challenge the sufficiency of the evidence. Thus, only facts necessary to disposition of his sole issue will be addressed.

Appellant was charged with unlawful possession of a firearm under circumstances that included the use or exhibition of a deadly weapon—namely, he fired a Glock multiple times in the air across the Dumas Highway and towards Thompson Park and Wonderland Park. On appeal, Appellant argues because the underlying offense was possession of a firearm, the deadly weapon finding must be supported by proof of a separate and distinct felony offense. He contends the evidence is insufficient because there was no additional offense apart from the possession charge. We disagree.

**ANALYSIS**

Article 42A.054(c) authorizes a deadly weapon finding when it is shown that a deadly weapon was used or exhibited during the commission of a felony offense. *See Jurado v. State*, No. 07-97-00102-CR, 1998 Tex. App. LEXIS 5335, at *3 (Tex. App.—Amarillo Aug. 25, 1998, no pet.) (mem. op., not designated for publication). The deadly weapon statute's purpose "is to discourage and deter felons from taking and using deadly weapons with them as they commit their crimes." *Plummer v. State*, 410 S.W.3d 855, 864 (Tex. Crim. App. 2020).

The Court of Criminal Appeals has explained that "in order to 'use' a deadly weapon for affirmative finding purposes, the weapon must be utilized to achieve an intended result, namely, the commission of a felony offense separate and distinct from 'mere' possession." *Narron v. State*, 835 S.W.2d 642, 644 (Tex. Crim. App. 1992); *Ex Parte Petty*, 833 S.W.2d 145, 145 (Tex. Crim. App. 1992). More recently, however, the

Court has clarified that a deadly weapon finding requires only "some facilitation connection between the weapon and" the associated felony. *See Plummer*, 410 S.W.3d at 865. To that end, the Court suggests the weapon must "increase the risk of harm," "otherwise contribute to the result," or play a role in "enabling, continuing, or enhancing" the associated felony. *Id.*

In *Jurado*, this Court considered and rejected the very argument raised here, holding that a defendant can be convicted of illegal weapon possession and simultaneously subject to a deadly weapon finding—so long as the weapon is "used or exhibited" during the commission of the possession offense itself. 1998 Tex. App. LEXIS 5335, at *2–3. This Court emphasized that mere possession is insufficient, but where the weapon is employed in some manner, an affirmative finding is proper. *Id.*

Here, the record reflects Appellant did more than merely possess the firearm. Evidence showed he fired a weapon at least twenty times over a highway. This distinguishes his case from those in which the weapon was merely stored or hidden. *See Tyra v. State*, 897 S.W.2d 796, 798 (Tex. Crim. App. 1995) (defining "use" broadly to include any employment of the weapon in furtherance of the offense). Accordingly, the trial court did not err in submitting the deadly weapon allegation to the jury, and the evidence is sufficient to support the jury's finding. Appellant's sole issue is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.


Alex Yarbrough
Justice


Do not publish.

3